```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


LARRY COFFMAN, et al.,           )
                                 )
        Plaintiffs,              )
                                 )
    v.                           )       No. 4:06CV1594 HEA
                                 )
ALAN BLAKE, et al.,              )
                                 )
        Defendants.              )
```

**OPINION, ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Larry Coffman and Theodore Ginnery to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the applications, the Court finds that the applicants are financially unable to pay any portion of the filing fee. Therefore, the applicants will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). In addition, the Court has reviewed the instant complaint and will dismiss it prior to service.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiffs, civilly committed residents of the Missouri Sexual Offender Treatment Center ("MSOTC"), bring this action pursuant to 42 U.S.C. § 1983 for alleged violations of their constitutional rights. Defendants are Alan Blake (Administrator, Sexually Violent Predator Program, Missouri Department of Mental Health), Jon Rosenboom (Associate Director), Linda Meade (Assistant Bureau Chief), Janine Semar (Custodian of Records), and Lynne Easton (Administrator). Plaintiffs seek declaratory, injunctive, and monetary relief.

Plaintiffs allege that the Missouri Department of Mental Health lacks the authority to confine them pursuant to the California Welfare and Institution Code.[1]

**Discussion**

The complaint is legally frivolous. California's Welfare and Institution Code does not apply to the Missouri Department of Mental Health. Additionally, the complaint fails to state a claim upon which relief can be granted because it contains only conclusory allegations and fails to allege any facts, which if proved, would afford a basis for granting relief. As a result, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

---

[1] Cal. Welf. & Inst. § 7100, et seq.

An appropriate order of dismissal shall accompany this order and memorandum.

Dated this <u>13th</u> day of December, 2006.

[signature]

**UNITED STATES DISTRICT JUDGE**